IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHENZHEN EIGATE TECHNOLOGY CO., LTD., AND HONGJUN SHANG<br><br>*Plaintiffs*,<br><br>v.<br><br>LOCY LLC; BINZOLA BIO LLC; BINZOLA BIO TRUST; AND KHALID MOHAMED ELTAYEB, Trustee of BINZOLA BIO TRUST<br><br>*Defendants*. | Civil Action No. 20-1684-WCB |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shenzhen Eigate Technology Co., Ltd., ("Shenzhen") and Hongjun Shang ("Mr. Shang") filed a Motion for Default Judgment against defendants LOCY LLC ("LOCY"), Binzola Bio LLC ("Binzola"), Binzola Bio Trust ("the Trust"), and Khalid Mohamed Eltayeb ("Mr. Eltayeb"). Dkt. No. 11. For the reasons set forth below, the motion is GRANTED.

**1. Background**

The plaintiffs brought this lawsuit against the defendants alleging breach of contract, breach of the implied covenant of good faith and fair dealing, common law fraud, and promissory estoppel in connection with two contracts entered into by the plaintiffs and the defendants. Dkt. No. 1. The plaintiffs also sought a declaratory judgment relieving them of any further obligation under those contracts. *Id.* The defendants, after each being served with a copy of the complaint, Dkt. Nos. 5, 8, failed to answer or otherwise enter an appearance. The plaintiffs filed a request for default, Dkt. No. 9, and the Clerk of Court entered a default on August 18, 2021, Dkt. No. 10. The plaintiffs then filed a motion for default judgment. Dkt. No. 11.

1

The first agreement at issue in this case is a Joint Venture Agreement ("JVA") between Mr. Shang and the Trust.[1] As part of the JVA, Mr. Shang and the Trust agreed to form a limited liability company, LOCY, to engage in the business of selling electronic cigarettes, vaping products, and other similar products. The defendants promised to transfer a 20% ownership interest in LOCY to Mr. Shang, but that interest was never transferred to him.

The second agreement at issue in this case is a Manufacturing, Supply, and Cooperating Agreement ("MSC") between Shenzhen, Binzola, and LOCY. Under the MSC, Shenzhen agreed to be the exclusive manufacturer and supplier of the devices sold by LOCY, and Binzola would become the exclusive supplier of a number of products used in the devices supplied by Shenzhen (e.g., CBD oil, hemp, marijuana). Shenzhen also agreed that it would supply its devices only to LOCY.

The MSC further provided that if LOCY purchased more than $20,000,000 in products from Shenzhen within a 12-month period at any point within two years of the execution of the MSC, Shenzhen would assign its rights in all of its patents and patent applications relating to electronic cigarettes and similar products to LOCY. Both the JVC and the MSC further provided that each party would exercise its best effort in complying with the product delivery requirements. But as of the time this lawsuit was filed, LOCY had not made any purchases from Shenzhen.

The plaintiffs also allege that the defendants made a series of oral promises to the plaintiffs. One such promise was to provide CBD samples to the plaintiffs so that Shenzhen could use them in the manufacturing of its products. Despite repeated requests from Shenzhen for the samples, the defendants never provided them. The defendants also agreed to reimburse the plaintiffs for

---

[1] The facts of the case are recited as they are alleged in the plaintiffs' complaint, Dkt. No. 1, and the declaration of Ming Shi, Dkt. No. 211-2.

50% of their product development costs, but the defendants have not made any effort to reimburse the plaintiffs for those costs.

The defendants do not appear to have communicated with the plaintiffs since May 13, 2020, when they promised to reimburse 50% of the plaintiffs' product development costs. After several months, the plaintiffs filed this lawsuit on December 11, 2020. The plaintiffs now allege that the defendants "actually do not even have a business that handles the products" contemplated by the JVA and MSC. Dkt. No. 1 at ¶ 58.

**2. Discussion**

The process for obtaining a default judgment is outlined in Federal Rule of Civil Procedure 55. Under Rule 55(a), when a defendant fails to answer or otherwise defend a lawsuit, "the clerk must enter the party's default." In this case, the Clerk of Court entered a default at the plaintiffs' request. Dkt. No. 10. Under Rule 55(b)(2), when a plaintiff's claim is not for a sum certain, the plaintiff must then "apply to the court for a default judgment." The plaintiffs here have done so by filing their Motion for Default Judgment. Dkt. No. 11.

  a. Liability

In the Third Circuit, courts consider three factors in determining whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In evaluating those factors, the court takes the factual allegations in the complaint, except those relating to damages, as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

With respect to the first factor, the plaintiffs allege that they will suffer prejudice by continuing to be bound by the JVA and MSC. Dkt. No. 11 at 6. Courts have noted that "prejudice"

3

refers to "a plaintiff's ability to pursue its claim." *Am. Bridal & Prom Indus. Ass'n, Inc. v. Jollyprom.com*, No. CV 17-2454, 2018 WL 1226106, at *3 (D.N.J. Mar. 9, 2018) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). When a defendant fails to appear or file any pleadings, the fact that the plaintiffs "will otherwise be unable to recover damages" constitutes sufficient prejudice for purposes of a default judgment. *Sisvel Int'l S.A. v. AnyData Corp.*, No. CV 19-1140, 2021 WL 5168895, at *2 (D. Del. Oct. 27, 2021), *report and recommendation adopted*, 2021 WL 5332316 (Nov. 16, 2021); *United Communities, LLC v. Hallowell Int'l, LLC*, No. CIV. 11-2689, 2012 WL 5880295, at *4 (D.N.J. Nov. 21, 2012). Because the defendants have not appeared in this case, this factor favors the plaintiffs.

With respect to the second factor, when a defendant does not answer the complaint or otherwise enter an appearance, the defendant is not viewed as having a litigable defense. *Am. Bridal*, 2018 WL 1226106, at *3; *Sisvel*, 2021 WL 5168895, at *2. This is especially true in view of the fact that the plaintiffs' well pleaded allegations indicate that the defendants have breached the JVA and MSC. *See Am. Bridal*, 2018 WL 1226106, at *3. I therefore find that this factor also favors the plaintiffs.

With respect to the third factor, when a defendant has been served with the complaint, but fails to appear, its delay is viewed as culpable conduct. *See id.* Here, all defendants have been served with the complaint. Dkt. Nos. 5, 8. Accordingly, this factor also favors the plaintiffs. Finding that all three factors favor the plaintiffs, I conclude that a default judgment should be entered.

      b. <u>Remedies</u>

Having concluded that a default judgment should be entered, I must now address the remedies requested by the plaintiffs. The plaintiffs first request a declaration that they are no

longer bound by the JVA and the MSC. A plaintiff may be discharged from its obligations under a contract if the defendant materially breached the contract.[2] *C & J Energy Servs., Inc. v. City of Miami Gen. Employees' & Sanitation Emps.' Ret. Trust*, 107 A.3d 1049, 1073 n.119 (Del. 2014). Here, the defendants' apparent failure to make any effort to perform under the contract constitutes material breach. *See Mrs. Fields Brand, Inc. v. Interbake Foods LLC*, No. CV 12201, 2017 WL 2729860, at *28 (Del. Ch. June 26, 2017) ("A breach is material if it goes to the root or essence of the agreement between the parties, or touches the fundamental purpose of the contract and defeats the object of the parties in entering into the contract." (internal quotation marks and citation omitted)). It is therefore appropriate to conclude that the plaintiffs are discharged from any further obligations under the JVA and the MSC.

The plaintiffs have also indicated that they intend to seek attorney fees. The JVA and MSC both expressly contemplate an award of fees in the event of a breach. Dkt. No. 211-2, Exh. A, at 8; Dkt. No. 211-2, Exh. B, at 9. The plaintiffs may therefore move for attorney fees and costs, in accordance with Federal Rule of Civil Procedure 54(d)(2), following the entry of the judgment accompanying this opinion.

### 3. Summary

In summary, the plaintiffs are entitled to a default judgment due to the defendants' failure to answer the complaint or otherwise appear. A judgment to that effect will accompany this opinion.

---

[2] The JVA and MSC are governed by Delaware law. Dkt. No. 211-2, Exh. A, at 8; Dkt. No. 211-2, Exh. B, at 9.

IT IS SO ORDERED.

SIGNED this 4th day of March, 2022.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE